UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-196-FDW

| | |
|---|---|
| KENNETH DYLAN WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEITH HONEYCUTT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 7).

I.     **BACKGROUND**

Pro se Plaintiff is a pre-trial detainee currently incarcerated at the Henderson County Detention Center. Plaintiff filed this action on July 12, 2018, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Keith Honeycutt, identified as the Chaplain of Henderson County Detention Center. Plaintiff alleges that Defendant violated his First Amendment right to the free exercise of his religion by confiscating Plaintiff's Bible and other religious books relating to his religion as a Seventh Day Adventist while he has been a pre-trial detainee at the Henderson County Detention Center.[1] (Doc. No. 3-4). Plaintiff alleges that the jail has never returned Plaintiff's books to him. As requested relief, Plaintiff states that he wants "the court to make Keith Honeycutt pay for the books he took from me and I have never seen again." (Id. at 4).

---

[1] Plaintiff has not specifically alleged a claim of a violation of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq. He is free to amend the Complaint to add such claim.

1

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must

consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90.

The Court finds that Plaintiff's First Amendment claim is not clearly frivolous and therefore survives initial review.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's claim is not clearly frivolous and therefore survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e).
2. The Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant Keith Honeycutt. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant.

Signed: August 27, 2018

Frank D. Whitney
Chief United States District Judge