UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00196-FDW

| KENNETH DYLAN WHITEHEAD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| KEITH HONEYCUTT, | ) | **ORDER** |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant Keith Honeycutt's Motion for Summary Judgment. [Doc. 19].

I. **BACKGROUND**

A. **Procedural Background**

Pro se Plaintiff Kenneth Dylan Whitehead ("Plaintiff") filed this action on July 12, 2018, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Keith Honeycutt, identified as a chaplain employed by the Henderson County Detention Center ("Detention Center"). [Doc. 1]. At the time he filed the Complaint, Plaintiff was a pre-trial detainee incarcerated at the Detention Center. Plaintiff alleges that Defendant violated his First Amendment right to the free exercise of his religion by confiscating Plaintiff's Bible and other religious books relating to Plaintiff's religion as a Seventh Day Adventist while Plaintiff was detained at the Detention Center.[1] [Id. at 3-4]. Plaintiff alleges that the jail has never returned his books to him. For relief, Plaintiff asks the Court "to make [Defendant] pay for the books [he] took from [Plaintiff]." [Id. at 4]. The

---

[1] Plaintiff did not specifically allege a claim of a violation of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq. The Court advised Plaintiff in its Order on initial review that he was free to amend his Complaint to assert such a claim. [Doc. 10 at 1]. He has not done so.

Court ordered the action survived initial review under 28 U.S.C. § 1915(e). [Doc. 10].

On April 5, 2019, Defendant filed the pending summary judgment motion. [Doc. 19]. On May 3, 2019, this Court entered an order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motions and of the manner in which evidence could be submitted to the Court. [Doc. 21]. The Plaintiff was specifically advised that if he had any evidence to offer to show that there is a genuine issue for trial, he must present it to the Court "in a form which would otherwise be admissible at trial, <u>i.e.</u>, in the form of affidavits or unsworn declarations." The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Doc. 21]. The Plaintiff did not respond to Defendant's summary judgment motion.

### B. Factual Background

#### 1. Plaintiff's Allegations

Because Plaintiff did not respond Defendant's motion for summary judgment, the Court has before it only the allegations from Plaintiff's Complaint, which are as follows:

> Over a period of 6 months I had received 8 books and a bible from my 7th Day Adventist church. The chaplin [*sic*] of the Henderson County Detention Center has taken ALL of them stating that they are not approved books. The inmate handbook for the Detention Center says clearly that I will not be deprived of my religious books or materials.
> …
> There are people in this jail who have Wican [*sic*] and Satantist [*sic*] materials. My books were all approved by officers of the jail and then taken from me.

> My bible falls into the category of books that the Chaplin [*sic*] has tried to take from me. None of my books have ever been returned to me nor have they been placed into my personal property.

[Doc. 1 at 3-4].

### 2. Defendants' Forecast of Evidence

In 2018, Defendant was employed as a part-time chaplain with the Henderson County Sheriff's Office. [Doc. 20-2 at ¶ 2: Dec. of Keith Honeycutt]. As a chaplain, Defendant offered religious studies, pastoral care, and donated religious materials to inmates that requested them. [Id. at ¶ 9]. Sometime in the spring of 2018, Plaintiff requested the book The Great Controversy[2] from Defendant. [Id. at ¶ 3]. Because this book was not available in the jail library, Defendant asked volunteer chaplain, Andy Crandall, a member of the Seventh Day Adventist Church, to provide Plaintiff with a copy of the book. [Id.]. Crandall provided Plaintiff with a copy of the Seventh Day Adventist Study Bible, which included a copy of The Great Controversy, as well as six other books written by Ms. White. [Id. at ¶ 4].

On June 28, 2018, Defendant learned that Plaintiff has filed a grievance against Defendant on June 21, 2018, alleging that Defendant had stolen The Great Controversy, along with six other books. [Id. at ¶ 5]. Defendant did not steal or take these books, or any other religious materials, from Plaintiff. [Id. at ¶¶ 5, 8]. Defendant then requested Crandall to provide another copy of The Great Controversy to Plaintiff, which Crandall did on July 19, 2018. Defendant also asked Crandall to provide Plaintiff with the six other books that were allegedly taken from Plaintiff. [Id. at ¶ 7]. Crandall told Defendant that Crandall had previously provided those books to Plaintiff has part of the Study Bible Crandall had previously given to Plaintiff. [Id.]

On November 27, 2018, Defendant served a Request for Admissions on Plaintiff. [Doc.

---

[2] The Great Controversy was written by Ellen White, one of the founders of the Seventh Day Adventist Church. [Doc. 20-2 at ¶ 3].

3

20-4: Request for Admissions]. One of the Requests asked Plaintiff to admit that Defendant never took any religious books from Plaintiff. [Id. at 3]. Plaintiff did not respond to this Request and the Request was never returned as undeliverable. [Doc. 20-3 at ¶ 2: Dec. of Sean Perrin].

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477

U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90.

Defendant 's forecast of evidence shows that Defendant never took any religious books from Plaintiff, but rather had books provided to Plaintiff even in the face of Plaintiff's allegations

5

that Defendant had taken Plaintiff's books. Further, Plaintiff failed to respond to Defendant's Request that Plaintiff admit that Defendant never took any books from Plaintiff. [Doc. 20-3 at ¶ 2]. A matter is deemed admitted if a party fails to respond to a request for admission within 30 days. Fed. R. Civ. P. 36(a)(3). As such, Plaintiff has admitted that Defendant did not take any of Plaintiff's religious books. See id.

Plaintiff, on the other hand, has failed to forecast any evidence that the Court may consider at summary judgment to overcome Defendant's forecast of evidence that Defendant did not take any of Plaintiff's religious books in the first instance. The forecast of evidence on summary judgment, therefore, unequivocally demonstrates that no First Amendment violation occurred.

In sum, because Plaintiff has failed to raise a genuine factual dispute relative to Defendant's forecast of evidence, Defendant's motion for summary judgment must be granted.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendant Honeycutt's motion for summary judgment.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant Honeycutt's Motion for Summary Judgment [Doc. 19] is **GRANTED**, and this action is dismissed with prejudice.

(2) The Clerk is respectfully instructed to terminate this action.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge